# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 13, 2010

## STATE OF TENNESSEE v. DARRIN MOSBY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-04742     John T. Fowlkes, Jr., Judge**

---

**No. W2009-02575-CCA-R3-CD  - Filed January 24, 2011**

---

The defendant, Darrin Mosby, pled guilty in the Shelby County Criminal Court to two counts of carjacking, a Class B felony.  Following a sentencing hearing, the trial court sentenced the defendant to concurrent ten-year sentences, to be served in the Tennessee Department of Correction.   On appeal, the defendant challenges the imposed sentences, specifically contending that: (1) the term of ten years is excessive in light of the trial court's misapplication of an enhancement factor and failure to consider mitigating factors; and (2) the court erred in ordering the sentences be served in confinement.  Following a review of the record, we remand the case to the trial court for reconsideration based upon this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined.   THOMAS T. WOODALL, J., filed an opinion concurring in part and dissenting in part.

Robert Wilson Jones, District Public Defender, and Phyllis Aluko and William Yonkowski, Assistant Public Defenders, for the appellant, Darrin Mosby.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Pamela Fleming, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

The relevant facts underlying the defendant's convictions, as recited by the State at the guilty plea hearing, are as follows:

As a basis for this plea, your Honor, the [S]tate submits that had this matter gone to trial the proof would have been that on or about April 8, 2008, at approximately 9:25 [p.m.] the victims Tiffany Carpenter and Jerome Johnson were in their car, which is a 1998 Cadillac DeVille white in color, when they were confronted by two armed men with handguns. One of the gunmen placed his gun to the head of Tiffany Carpenter and demanded that she exit the vehicle, which she did. The second gunman placed his gun to the head of Jerome Johnson and demanded his property. They took whatever each of the victims had on their person as well as the vehicle and [its] contents and drove away [with] the vehicle.

As they were - - this actually happened at 3520 Menawa, Menawa which was the street name but it's in an apartment complex. As they reached the gate of the apartment complex a third suspect jumped into the vehicle. Taken in the car, items that were included in the car were money orders valued over eight hundred dollars. Assorted identification and personal papers.

This vehicle was used in a similar style robbery about eight days later on April 16th. Subsequent in that incident there were some other things taken from those victims in that second robbery including a cell phone that belonged to the victim of the second robbery. And they were able to locate the defendants, this defendant and another defendant by the name of Hisen Curtis who has already been disposed of. They were able to locate him, them actually, both of them, using the cell phone of the victim in the second robbery.

When they located both of these defendants they were in an apartment complex, they also recovered personal property, namely Jerome Johnson's driver's license that was taken in the robbery in that apartment. They also found a purse that belonged to one of the two ladies, [I am] not sure which to be honest, the first one or the second victim, in the dumpster behind the apartment that had been emptied. The vehicle was located a couple days prior to their arrest about two miles away.

The defendant, along with co-defendant Curtis, was indicted by a Shelby County grand jury for two counts of carjacking and two counts of employing a firearm in the commission of a dangerous felony. The defendant later entered an open plea agreement to two counts of carjacking, with the remaining counts of the indictment being dismissed by the State.

At the subsequent sentencing hearing, the State presented no witness testimony, relying upon the presentence report which was admitted without objection. Contained within the report was the defendant's statement taken from the presentence questionnaire, which stated:

> It was a carjacking and I did [participate] in the offense against me but I didn't put the gun to anyone's head[.] I was just the accomplice of Mr. Curtis[.] I was just his associate and I was just going along for a ride because some guys [at] the local liquor store had just robbed us and shot at us and we was trying to get away. So yes I am guilty for riding and being with Mr. Curtis doing a carjacking.

In the report, the defendant, through his own answers to the presentence questionnaire, indicated that he had began using alcohol and marijuana at age fifteen. He further indicated that he smoked two blunts a day until the time he was nineteen, at which time he became incarcerated. The defendant also acknowledged that he had been expelled from school for fighting. As a result, he was instructed to attend an anger management program, but he stated that he was unable to complete the program due to a lack of transportation. Additionally, he reported that his work history consisted of working for a temporary agency from 2006 until 2007.

At the hearing, the defendant also took the stand. He again acknowledged his participation in the carjacking but testified that he was not the leader in the commission of the offense, stating that it was his co-defendant's idea to commit the crime. He admitted using a firearm during the incident and stated that he realized he was placing other people at risk because of his actions. However, he stated that he never pointed the gun at anyone but kept it in his pocket the entire time. He further testified that he received none of the proceeds from the carjacking, but he acknowledged that he did use a cell phone taken in the robbery to phone his mother.

The defendant again acknowledged that he had smoked marijuana for "quite some time." He went on to state that he did not believe that smoking marijuana should be a crime, but he thought that it was bad for the body. He stated that this was the first time that he had spent any time in jail and that the time he had spent in jail awaiting disposition of the case had motivated him to rehabilitate himself. He stated that he had learned that he should be more selective in his actions and in his choice of companions. Finally, he testified that he wanted to complete his GED and seek training in heating and ventilation systems to further his chances of finding employment.

After hearing the evidence presented, the trial court imposed concurrent ten-year

sentences, which were to be served in the Department of Correction. The defendant has timely appealed.

## Analysis

On appeal, the defendant is challenging the sentences imposed by the trial court. First, he contends that the ten-year sentences are excessive in length, based upon the misapplication of an enhancement factor and the failure to apply mitigating factors. Second, he contends that the court erred in ordering that the sentences be served in confinement. When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d) (2006). The burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported by the record, and gave due consideration to the factors and principles that are relevant to sentencing, we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court that are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994). In conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and/or the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses; (7) any statements made by the defendant on his or her own behalf; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210, -103 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

Pursuant to the 2005 amendments, our Sentencing Act has abandoned the statutory minimum sentence and renders enhancement and mitigating factors advisory only. T.C.A. §§ 40-35-114, -35-210(c). The trial court is free to select any sentence within the applicable range if the length of the sentence complies with the purposes and principles of the Sentencing Act. T.C.A. § 40-35-210; *see also State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (noting that such principles encompass themes of punishment fitting the crime, deterrence, and rehabilitation). The trial court is required to consider but is not bound by certain advisory sentencing guidelines set forth in the 2005 amendments. T.C.A. § 40-35-210(c). Although the application of factors is advisory, a court shall consider evidence and information offered by the parties on the mitigating and enhancement factors in sections 40-

35-113 and 40-35-114. *Id*. at (b)(5). To ensure fair and consistent sentencing, the trial court is also required to place on the record which enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence. *Id*. at (d). Once applied, the chosen enhancement factor becomes a sentencing consideration subject to review under Tennessee Code Annotated section 40-35-401(c)(2). Thus, while the court can weigh enhancement factors as it chooses, the court may only apply the factors if they are "appropriate for the offense" and "not already an essential element of the offense." T.C.A. § 40-35-114. The trial court must find facts related to sentencing by a preponderance of the evidence rather than beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

## I. Excessive Sentence Length

First, the defendant asserts that the trial court's imposition of ten-year sentences in this case was excessive. Specifically, he contends that the court erred in applying an enhancement factor which he contends was an essential element of the offense. There is no dispute in this case that the defendant was convicted, as a Range I offender, of two Class B felonies, the sentencing range of which is eight to twelve years. *See* T.C.A. § 39-13-404(b), § 40-35-112(a)(2) (2006). In setting the length of the sentences in this case, the trial court made the following relevant findings on the record:

> As far as the notice of mitigating factors. I believe that I am not going to declare [the defendant] a mitigated offender, because I think that there are enhancing factors that are appropriate in the case.
>
> Presentence report does identify marijuana, possession of marijuana and things of that nature. As well as him being present when all of the fruits of crimes were located.
>
> . . . .
>
> I am going to apply number nine, possessed a firearm during the commission of the offense. Although, each count of the indictments, the car jacking does require the allegation of a deadly weapon. That deadly weapon, does not require an allegation of using a firearm. So I am going to apply number nine. . . .
>
> Number one, although it [sic] less value on number one, the others, I am not going to apply towards [the defendant], with the exception of number nine, the firearm, the use of the firearm.

And after taking all of the information into account, the information in the presentence report, [the defendant's] testimony, arguments of counsel, the information that I received on the sentencing date, including the statements of facts, is also included in the presentence report.

I think the minimum, giving the circumstances is not going to be the sentence. I am going to sentence [the defendant] to ten years confinement at the Department of Corrections on each of the counts of the indictment. The time will be served concurrently. . . .

A reading of these findings indicates that the trial court imposed two enhancement factors, giving more weight to the possession of the firearm. The defendant contends that this factor is an essential element of the offense and, thus, may not be used to enhance the sentence. We agree that if an enhancement factor is an element of the indicted offense, the factor may not also be used to enhance the sentence. *See* T.C.A. § 40-35-114; *State v. Allen Ray Kennedy*, M2006-00847-CCA-R3-CD (Tenn. Crim. App., at Nashville, Mar. 23, 2007). Moreover, pursuant to the 2005 sentencing amendments, while this court may not review a trial court's weighing of enhancement factors, review of the trial court's application of those enhancement factors is appropriate. T.C.A. § 40-35-401(d); *Carter*, 254 S.W.3d at 343.

As relevant here, carjacking is defined as the intentional or knowing taking of a motor vehicle from the possession of another by use of a deadly weapon. T.C.A. § 39-13-404(a) (2006). The defendant asserts that because the indictment alleges the use of a deadly weapon, enhancement factor (9) should not have been used to enhance the defendant's sentence. He further contends that "[w]hen the enhancement factor on which the trial court relied most heavily is excluded, it becomes readily apparent that the defendant's sentence should have been less than ten years."

In support of his argument, the defendant relies upon this court's decision in *State v. Kennedy*, No. M2006-00847-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 257(Tenn. Crim. App. Mar. 23, 2007, at Nashville). In that case, a panel of this court found that enhancement factor (9) could not be applied because it was an essential element of the offenses for which the appellant was convicted. *Id*. The court specifically noted:

In the indictments charging the appellant with the aggravated assault and attempted carjacking of Freeman, the State alleged that the appellant committed the offenses "by use of a deadly weapon, to-wit; a knife." The indictments charging the appellant with the aggravated assault of Craddock and the aggravated assault of carjacking of Hamilton, allege that the appellant committed the offenses "by use of a deadly weapon, to-wit: a handgun." Ergo,

all of the foregoing offenses include as an element that the appellant was armed with a deadly weapon.

*Id*. From this, we must conclude that this court precluded the use of enhancement factor (9), that "the defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense," if a defendant was charged with a crime which was committed "by use of a deadly weapon." Clearly, a firearm is a deadly weapon, and if a defendant is charged with an offense which requires the employment of a deadly weapon during its commission as an element of the offense, a court is not permitted to utilize that same possession or employment of the firearm to also enhance the sentence. As such, following review of the record, we conclude that the trial court did err in its application of enhancement factor (9), because the use of the deadly weapon was an element of the offense of carjacking as indicted in this case.

Further, it is also clear from reading the court's findings that it put great weight on this factor, giving little weight to the only remaining factor of a prior criminal history. As such, we feel it appropriate to remand the case to the trial court for reconsideration of the sentence in light of this opinion.[1]

Additionally, the defendant also finds fault with the trial court's failure to apply any mitigating factors in his case. While noting again that these factors are merely advisory, our law does require the trial court to consider evidence and information offered by the parties on the mitigating and enhancement factors and to place on the record what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, to ensure fair and consistent sentencing. *See* T.C.A. § 400350210(b), (d). It appears that the defendant put forth some evidence of possible mitigation in this case, and, further, a reading of the trial court's findings does not reference in any way its consideration or findings with regard to that evidence. As such, on remand, the trial court should also consider the evidence of mitigation which was offered and make its determinations, which should be specified in its findings.

## II. Denial of Alternative Sentencing

Next, the defendant asserts that the trial court erred in denying him a sentence of full probation. He asserts that several positive factors weigh in favor of full probation,

---

[1] As an aside, we note that we must reject the State's contention that enhancement factor (10), that the defendant had no hesitation about committing a crime when the risk to human life was high, is applicable on the record before us. Like the trial court concluded, that factor is inherent in the offense of carjacking, and the trial court was correct in its refusal to apply the factor. *See State v. Allen Ray Kennedy*, No. M2006-00847-CCA-R3-CD.

specifically that the victims were not physically hurt, that the defendant has no social, physical, or mental conditions which would make probation inappropriate, that he had no prior criminal convictions, that he has expressed a willingness to work and to obtain his GED, and, finally, that the defendant has already served one year and seven months in jail on these offenses.

The 2005 sentencing amendments deleted the sentencing provision granting a defendant a presumptive favorability for an alternative sentence. Under the 2005 amendments, a defendant convicted of a Class C, D, or E felony and sentenced as a standard or mitigated offender "should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6). Evidence to the contrary may be established by showing that: (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is needed to avoid depreciating the seriousness of the offense, confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses; or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)).

In making its determination, the trial court shall also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); *Boston*, 938 S.W.2d at 438.

We note that the defendant was convicted of multiple Class B felonies, which precluded his entitlement for consideration as a favorable candidate for alternative sentences with regard to those convictions. Nonetheless, he remains eligible for an alternative sentence because his sentences were ten years or less and the offenses for which he was convicted are not specifically excluded by statute. *See* T.C.A. §§ 40-35-102(6), -303(a) (2006).

Although probation must be considered, "the defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303(b), Sentencing Comm'n Cmts; *State v. Hartley*, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). Rather, a defendant is required to establish his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see also* T.C.A. § 40-35-303(b). A defendant seeking full probation bears the burden of showing that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 29 S.W.3d 1, 9-10 (Tenn. 2000)). Among the factors

applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

In imposing a sentence of confinement in this case, the trial court failed to state any specific findings on the record other than that the sentence was to be served in confinement. We may infer that the court made credibility findings with regard to the defendant's testimony, as well as weighing his use of marijuana, underage drinking, his failure to complete high school, and failure to maintain steady employment, and it determined that the defendant had failed to carry his burden. However, in light of the fact that the case must be remanded for reconsideration of enhancement and mitigation factors, we also direct the court to specify on the record its reasons for denying the defendant an alternative sentence.

## CONCLUSION

Based upon the foregoing, the case is remanded to the Shelby County Criminal Court for reconsideration.

_____
JOHN EVERETT WILLIAMS, JUDGE